**UNITED STATES of America**

v.

**Elvis Perez RIVERA.**

**Crim. No. 81–291 (PG).**

United States District Court, D. Puerto Rico.

June 16, 1982.

José R. Aguayo, Asst. U. S. Atty., Hato Rey, P. R., for plaintiff.

Barney H. López Toro, Hato Rey, P. R., for defendant.

**ORDER**

PEREZ–GIMENEZ, District Judge.

By letter dated May 18, 1982, and received on May 25, 1982, the defendant, Elvis Pérez Rivera, wrote to the Court requesting that the Court change his sentence of January 22, 1982, under the provisions of Title 18, U.S.C., Section 4205(a), to one under paragraph (b) of said Section.[1] Defendant's grounds for such a request is his perception of the Court's intention allegedly manifested at the time of sentencing. He specifically refers to some comments made by the Court, as reflected in the transcript of the sentence.[2]

The short answer to defendant's pretentions is that the Court did not have in mind that he become eligible for parole at such

---

1. Section 4205(a) provides:

   "Whenever confined and serving a definite term or terms of more than one year, a prisoner shall be eligible for release on parole after serving one-third of such term or terms. . . ."

   Section 4205(b) provides:

   "Upon entering judgment of conviction . . . may (1) designate in the sentence of imprisonment imposed a minimum term at the expiration of which the prisoner shall become eligible for parole, which term may be less than but shall not be more than one-third of the maximum sentence imposed by the Court. . . ."

2. At page three of said transcript there appears the following comment by the Court after the sentence was imposed:

   "It appears in the pre-sentence report that this defendant has a very good salient factor and I'm advised by the Probation Officer that according to the guidelines they indicate that he will likely serve from ten to fourteen months prior to his release, with good institutional adjustment, so even though it is a five years sentence the guidelines provide that if he makes good adjustment in the institution and gets down to work to rehabilitate himself, his release will be sooner than what he expects, probably."

time as the U. S. Parole Commission may determine, as provided under Section 4205(b)(2) of Title 18, U.S.C.[3] If the Court had intended to provide for such disposition in defendant's case, it would have come straight out and said so.[4] The part of the transcript submitted by defendant does demonstrate that the Court was aware of the U. S. Parole Commission Guidelines, which have come to be the most important factor in the sentencing process. While the sentencing judge determines the maximum duration of the incarceration and the inmate's parole eligibility, within the limits established, it is the U. S. Parole Commission that determines the *actual* release date. If we are going to know how much time an offender will actually serve, we must know how the U. S. Parole Commission Guidelines operate. It is essential for a sentencing judge to receive a prediction of the inmate's Guidelines parole release range from the U. S. Probation Office prior to imposing sentence. It is then that the judge will know what to expect insofar as the probable time the person before him will serve. This is precisely what was mentioned by the Court at the time when it was indicated to defendant that according to the Guidelines the defendant would most likely serve from ten (10) to fourteen (14) months prior to his release with good institutional adjustment. It should be pointed out that under the Guidelines, the length of the sentence, other than in terms of setting parole eligibility, may have little to do with how long the defendant serves.[5]

WHEREFORE, defendant's request is DENIED.

IT IS SO ORDERED.

---

3. Since this ground is sufficient to deny the request being made by Mr. Pérez Rivera, it will not be necessary for the Court to consider whether the letter is also a motion for reduction of sentence under F.R.Cri.P. 35, which was untimely.

4. The Court must acknowledge the highly qualified and professional work performed by the U. S. Probation Office of this District. If the Court had wanted to grant defendant the benefits of a sentence under 4205(b)(2), the wording for such a type of sentence would have been readily provided by said Office. What this simply means is that such an alternative to defendant's sentence was not ever remotely considered by the Court since no such wording was prepared in the event the Court decided to sentence Mr. Pérez Rivera under 4205(b)(2).

5. It makes no difference if the sentence is five (5), nine (9) or twelve (12) years. That may have nothing to do with how long he stays in jail.